UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-10078-CIV-SIMONTON

AIMEE MATZ,

    Plaintiff,

vs.

SMUGGLER'S RESORT & MARINA, LLC,
et al.,

    Defendants.
_____/

## ORDER APPROVING FLSA SETTLEMENT
## AND DISMISSING CASE

THIS CAUSE came before the Court following a Settlement Conference held before the undersigned, ECF No. [9]. Pursuant to the consent of the Parties, the Honorable K. Michael Moore, United States District Judge, has referred this matter to the undersigned Magistrate Judge for all further proceedings, including trial by jury and entry of final judgment, ECF Nos. [11] [12].

This action involves claims brought by Plaintiff Aimee Matz against Defendants Smuggler's Resort & Marina LLC, Smuggler's Resort, LLC, and Robert Cvetkovski for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., ("FLSA"), ECF No. [1]. At the settlement conference held before the undersigned, the Parties reached a resolution of this matter. The Parties immediately thereafter placed the material terms of that resolution on the Court record, and made a joint ore tenus motion to dismiss the action with prejudice conditioned upon the Court retaining jurisdiction to enforce the provisions of the settlement agreement.

In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores v. United*

*States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  A settlement entered into in an adversarial context where both sides are represented by counsel throughout litigation "is more likely to reflect a reasonable compromise of disputed issues." *Id.*  The district court may approve the settlement in order to promote the policy of encouraging settlements of litigation. *Id.* at 1354.

As ruled at the Settlement Conference, based upon the material terms stated on the record by the Parties, the undersigned concludes that the resolution reached, including attorneys' fees and costs, is a fair and reasonable compromise of the Plaintiff's FLSA claims.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Parties' Settlement Agreement is **APPROVED.**  It is further

**ORDERED AND ADJUDGED** that the Court retains jurisdiction to enforce the terms of the Settlement Agreement until December 1, 2018.  It is further

**ORDERED AND ADJUDGED** that this matter is hereby dismissed with prejudice and all pending motions are denied as moot, subject to the Court's retention of jurisdiction to enforce the Settlement Agreement, as set forth above in this Order.

**DONE AND ORDERED** in chambers this 29th day of January, 2018.

*[signature: Andrea M. Simonton]*
**ANDREA M. SIMONTON**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

**Copies provided via CM/ECF to:**

**All counsel of record**